# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SPIRE STL PIPELINE LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>3.31 ACRES OF LAND, et al., )<br>)<br>Defendants. ) | No. 4:18 CV 1327 |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Spire STL Pipeline LLC to consolidate this case with thirty other related actions filed in this Court under Federal Rule of Civil Procedure 42(a) and E.D.Mo. L.R. 42-4.03. (Doc. 3). Plaintiff seeks in each of these thirty-one cases to acquire easements for the construction and operation of a new natural gas pipeline, and it has filed the complaints in eminent domain under Section 7(c) of the Natural Gas Act, 15 U.S.C. § 717f(h).

No defendants in this case or in any of the cases proposed to be consolidated have objected. Affidavits of service have been filed in each case, and counsel has appeared for nearly every defendant (with the exception of defendants in three cases: 4:18 CV 1337, 4:18 CV 1344, and 4:18 CV 1373). Defendants in the remaining twenty-eight cases have not specifically responded to the motion to consolidate, but have all indicated that they agree with at least some shared case management, stating that "[g]iven the massive size of the litigation and the number of parties involved, a uniform responsive schedule would be the essence of judicial efficacy." (Doc. 13 at ¶ 11) (identical filings have been made by all represented defendants in related cases).

Under Federal Rule of Civil Procedure 42, a court may consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). In such cases, it may also issue any other orders to avoid unnecessary cost or delay. Fed. R. Civ. P. 42(a)(3). Consolidation does not "completely merg[e] the constituent cases into one," but rather "enable[s] more efficient case management while preserving the distinct identities of the

cases and the rights of the separate parties in them." *Hall v. Hall*, 138 S. Ct. 1118, 1125 (2018). The party seeking consolidation has the burden of showing the commonality of factual and legal issues. *PB&J Software, LLC v. Acronis, Inc.*, No. 4:12 CV 690 SNLJ, 2012 U.S. Dist. LEXIS 145994, 2012 WL 4815132 at *2 (E.D. Mo. Oct. 10, 2012).

In considering the appropriateness of consolidation, courts weigh the "risks of prejudice and possible confusion" against "the risk of inconsistent adjudications," as well as the burden on parties, witnesses, and judicial resources if there are multiple lawsuits as opposed to a single lawsuit. *Davidson Surface/Air Inc. v. Bahsoun*, No. 4:15 CV 1183 RLW, 2017 U.S. Dist. LEXIS 61965, 2017 WL 1497895, at *1 (E.D. Mo. Apr. 24, 2017) (citations omitted). District courts enjoy "substantial discretion" in deciding a motion to consolidate. *Hall*, 138 S. Ct. at 1131. A court acts within this discretion when it consolidates cases with "common parties, overlapping legal issues, and related factual scenarios," provided that the consolidation does not cause unfair prejudice. *Horizon Asset Mgt., Inc. v. H & R Block, Inc.*, 580 F.3d 755, 769 (8th Cir. 2009).

Each of the cases at issue share the same plaintiff. Plaintiff is alleging essentially identical claims in each of the cases. While the defendants in each case are not identical, in at least twenty-eight of the thirty-one cases they share the same counsel. Additionally, the cases share common issues of law and fact permitting consolidation: in each case, the Court must decide whether plaintiff has authority to condemn the properties, and if so, the just compensation for the properties.

Moreover, under Federal Rule of Civil Procedure 71.1(b), a plaintiff may join separate pieces of property in a single action, "no matter whether they are owned by the same persons or sought for the same use." The committee note to this rule reasons that "[t]o require separate condemnation proceedings for each piece of property separately owned would be unduly burdensome and would serve no useful purpose." Fed. R. Civ. P. 71.1 at advisory committee's note to 1951 original report. Here, the properties at issue *are* being sought for the same use, and trying the cases without consolidation would be unduly burdensome.

The Court finds that consolidation under Rules 42 and 71.1 will promote efficiency and will not unfairly prejudice any party. Any risk of prejudice, possible confusion or delay,

2

and inconsistent adjudications in these cases should be minimized by the reassignment of each of these cases to the undersigned judge. The cases are all at the same stage of litigation, having been filed within a few days of each other. The consolidation of the proceedings is likely to prevent unnecessary duplication of efforts and expense by the parties. It is also likely to avoid unnecessary waste of judicial resources and allow the Court to more efficiently handle the cases. According to E.D.Mo. L.R. 42-4.03, cases are to be consolidated with the lowest-numbered case filed.

For these reasons,

**IT IS HEREBY ORDERED** that plaintiff's unopposed motion for consolidation (Doc. 3) is GRANTED, in that the Clerk is ORDERED to reassign the following cases to the undersigned and consolidate them with the instant case for all purposes:

- a) Spire STL Pipeline LLC v. 0.92 Acres of Land, Situated in St. Charles County, State of Missouri, No. 4:18-cv-01332;

- b) Spire STL Pipeline LLC v. 0.69 Acres of Land, Situated in St. Charles County, State of Missouri, No. 4:18-cv-01333;

- c) Spire STL Pipeline LLC v. 1.37 Acres of Land, Situated in St. Charles County, State of Missouri, No. 4:18-cv-01334;

- d) Spire STL Pipeline LLC v. 0.69 Acres of Land, Situated in St. Charles County, State of Missouri, No. 4:18-cv-01335;

- e) Spire STL Pipeline LLC v. 1.61 Acres of Land, Situated in St. Charles County, State of Missouri, No. 4:18-cv-01337;

- f) Spire STL Pipeline LLC v. 2.39 Acres of Land, Situated in St. Charles County, State of Missouri, No. 4:18-cv-01339;

- g) Spire STL Pipeline LLC v. 0.46 Acres of Land, Situated in St. Charles County, State of Missouri, No. 4:18-cv-01340;

- h) Spire STL Pipeline LLC v. 2.27 Acres of Land, Situated in St. Charles County, State of Missouri, No. 4:18-cv-01342;

- i) Spire STL Pipeline LLC v. 2.63 Acres of Land, Situated in St. Charles County, State of Missouri, No. 4:18-cv-01343;

- j) Spire STL Pipeline LLC v. 1.67 Acres of Land, Situated in St. Charles County, State of Missouri, No. 4:18-cv-01344;

k)  Spire STL Pipeline LLC v. 3.22 Acres of Land, Situated in St. Charles County, State of Missouri, No. 4:18-cv-01350;

l)  Spire STL Pipeline LLC v. 1.68 Acres of Land, Situated in St. Charles County, State of Missouri, No. 4:18-cv-01351;

m)  Spire STL Pipeline LLC v. 0.67 Acres of Land, Situated in St. Charles County, State of Missouri, No. 4:18-cv-01352;

n)  Spire STL Pipeline LLC v. 1.18 Acres of Land, Situated in St. Charles County, State of Missouri, No. 4:18-cv-01353;

o)  Spire STL Pipeline LLC v. 4.70 Acres of Land, Situated in St. Charles County, State of Missouri, No. 4:18-cv-01356;

p)  Spire STL Pipeline LLC v. 2.24 Acres of Land, Situated in St. Charles County, State of Missouri, No. 4:18-cv-01359;

q)  Spire STL Pipeline LLC v. 1.12 Acres of Land, Situated in St. Charles County, State of Missouri, No. 4:18-cv-01360;

r)  Spire STL Pipeline LLC v. 1.55 Acres of Land, Situated in St. Charles County, State of Missouri, No. 4:18-cv-01361;

s)  Spire STL Pipeline LLC v. 2.59 Acres of Land, Situated in St. Charles County, State of Missouri, No. 4:18-cv-01362;

t)  Spire STL Pipeline LLC v. 1.78 Acres of Land, Situated in St. Charles County, State of Missouri, No. 4:18-cv-01363;

u)  Spire STL Pipeline LLC v. 0.46 Acres of Land, Situated in St. Charles County, State of Missouri, No. 4:18-cv-01365;

v)  Spire STL Pipeline LLC v. 2.49 Acres of Land, Situated in St. Charles County, State of Missouri, No. 4:18-cv-01366;

w)  Spire STL Pipeline LLC v. 3.04 Acres of Land, Situated in St. Charles County, State of Missouri, No. 4:18-cv-01367;

x)  Spire STL Pipeline LLC v. 0.47 Acres of Land, Situated in St. Charles County, State of Missouri, No. 4:18-cv-01368;

y)  Spire STL Pipeline LLC v. 0.99 Acres of Land, Situated in St. Charles County, State of Missouri, No. 4:18-cv-01369;

z) Spire STL Pipeline LLC v. 0.52 Acres of Land, Situated in St. Charles County, State of Missouri, No. 4:18-cv-01370;

aa) Spire STL Pipeline LLC v. 1.73 Acres of Land, Situated in St. Charles County, State of Missouri, No. 4:18-cv-01371;

bb) Spire STL Pipeline LLC v. 1.22 Acres of Land, Situated in St. Charles County, State of Missouri, No. 4:18-cv-01372;

cc) Spire STL Pipeline LLC v. 0.91 Acres of Land, Situated in St. Charles County, State of Missouri, No. 4:18-cv-01373; and

dd) Spire STL Pipeline LLC v. 3.11 Acres of Land, Situated in St. Charles County, State of Missouri, No. 4:18-cv-01382.

**IT IS FURTHER ORDERED** that this Order of Consolidation be filed in each of the above cases, as well as the instant case, and that all future documents be filed in the instant case, 4:18 CV 1327 DDN. Each of the above cases shall be administratively closed and no further filings will be accepted in those closed cases.

**IT IS FURTHER ORDERED** that any motions to extend filed in the above cases be denied as moot before consolidation and closure.

**IT IS FURTHER ORDERED** that, once all cases have been reassigned to Magistrate judge David D. Noce in 4:18 CV 1327 DDN, the Clerk of Court will issue a Notice Regarding Magistrate Judge Jurisdiction form to any parties who have not yet received one. Those parties who have not yet had the opportunity to file their option for a United States District Judge or for consent to the authority of a United States Magistrate Judge under 28 U.S.C. § 636 must submit their completed consent forms (available online) within 21 days of the date of this order. Failure to do so will result in the reassignment of the consolidated cases.

CHIEF UNITED STATES DISTRICT JUDGE

Signed on September 10, 2018.

5